UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| v. | : | 67-90 |
| DINESH MEHAR | : | VIOLATION: |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| Defendant. | : | |

FILED
MAY 18 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## STATEMENT OF FACTS

W.T. Weaver & Sons, Inc. (hereinafter "Weaver") is a family owned business that has sold decorative hardware and bath fixtures since 1889. The business is owned and operated by James Weaver, President, and his two sons, Michael and Bryce. The business is located at 1208 Wisconsin Avenue, N.W., Washington, D.C. 20007.

For 19 years, defendant **DINESH MEHAR** was employed by Weaver as the company's bookkeeper. Defendant **DINESH MEHAR's** job responsibilities included maintaining the company's general ledger and reconciling the company's bank account. Defendant **DINESH MEHAR's** job responsibilities did not include signing checks to pay expenses incurred by the business.

The company maintained a bank account at SunTrust Bank. Defendant **DINESH MEHAR** was not authorized by his employer to sign checks drawn on the company's bank account at SunTrust.

From in or about January 7, 1999 through February 2, 2005, defendant **DINESH MEHAR** requested and obtained 87 checks, pre-signed by either Michael Weaver or Bryce Weaver, allegedly to pay for merchandise delivered to the company when Michael and Bryce

1

Weaver were not present at the business. Defendant **DINESH MEHAR** used many of the pre-signed checks to pay for personal expenditures he incurred. Defendant **DINESH MEHAR** sent the majority of these checks by mail to pay balances on his personal Citibank and American Express credit cards that he used to purchase items at businesses such as Best Buy, Great Indoors, Closets by Design, and United Airlines. Defendant **DINESH MEHAR** also took cash advances on his American Express card. In addition to diverting Weaver checks to pay his personal expenses, defendant **DINESH MEHAR** made at least 17 checks payable to himself, totaling $80,729.91.

Defendant **DINESH MEHAR** made false entries in the company's check ledger for the purpose of concealing the actual recipient of the checks. Many of the false entries in the check ledger indicated the checks were used to pay for transportation expenses for the alleged deliveries made to the business while Michael and Bryce Weaver were absent from the company. For example, defendant **DINESH MEHAR** recorded in the business check ledger that check #10670 was made payable to Red Star Express for $87.50. Defendant **DINESH MEHAR**, however, made check #10670 payable to himself in the amount of $8,775.50. Also, in an effort to conceal his theft of money, defendant **DINESH MEHAR** destroyed the canceled checks returned to the business by SunTrust Bank. Lastly, defendant **DINEHS MEHAR** made false entries to the company's general ledger for the purpose of concealing his theft.

On April 8, 2005, defendant **DINESH MEHAR** was confronted by Michael Weaver, Bryce Weaver, and an attorney representing Weaver, David Julyan. Defendant **DINESH MEHAR** was shown a spreadsheet summarizing many of the checks that he fraudulently obtained from Weaver. Defendant **DINESH MEHAR** agreed to reimburse Weaver for the total

amount of the fraudulent checks reflected on the spreadsheet and his employment at Weaver was terminated. By June 2, 2005, defendant **DINESH MEHAR** had paid Weaver approximately $192,433, which included the amount of diverted checks and expenses incurred by Weaver in determining the extent of defendant **DINESH MEHAR**'s embezzlement scheme.

The total value of the checks fraudulently obtained by defendant **DINESH MEHAR** from Weaver was $205,699.83.

In addition to these stolen checks, from in or about December 16, 1998 through March 18, 2005 defendant **DINESH MEHAR** fraudulently obtained $27,275.38 from Weaver by electronically making payments to Citibank and American Express for his personal credit cards through Weaver's merchant account. Defendant **DINESH MEHAR** disguised the 47 payments to his personal credit cards as merchandise returns or charge backs that had occurred at Weaver. It was defendant **DINESH MEHAR's** responsibility to process credit card transactions and to conduct monthly reconciliations of the merchant account. Weaver was unaware of these misappropriations in April 2005 when it confronted defendant **DINESH MEHAR** regarding the diverted checks. Defendant **DINESH MEHAR** did not voluntarily disclose these thefts nor did he reimburse Weaver for these stolen funds.

The total amount of money fraudulently obtained by defendant **DINESH MEHAR** from Weaver was $232,975.21.

Date: 5/18/07

_____
DINESH MEHAR
Defendant

3

   We have read each of the pages constituting this plea agreement, reviewed them with our client, and discussed the provisions of the agreement with our client fully. These pages accurately and completely sets forth the entire plea agreement.

Date: __5/18/07__       _/s/ Mitchell Seltzer_
               Mitchell Seltzer, Esquire
               Attorney for the Defendant

Date: __5-18-07__       _/s/ Herbert N. Harmon_
               Herbert Harmon, Esquire
               Attorney for the Defendant