

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 22, 2007

Mitchell Seltzer, Esquire
601 Indiana Avenue, NW
Suite 500
Washington, DC 20004

Herbert Harmon, Esquire
1010 Vermont Avenue, N.W.
Suite 810
Washington, D.C. 20005

**FILED**
MAY 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07cr90

Re:   <u>Dinesh Mehar</u>

Dear Mr. Seltzer and Mr. Harmon:

  This letter sets forth the full and complete plea offer to your client, Mr. Mehar. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on **April 2, 2007**. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

  1. **Charges:** Mr. Mehar agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 1341 (Mail Fraud). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Dinesh and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Mehar agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Mehar's actions and involvement in the fraud scheme. It is anticipated that during the Rule 11 plea hearing, Mr. Mehar will adopt and sign the Statement of the Offense as a written proffer of evidence.

  2. **Potential penalties, assessments, and restitution**: Mr. Mehar understands that the maximum sentence that can be imposed is 20 years imprisonment, a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 5 year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum penalty, Mr. Mehar understands that the Court will impose sentence after considering the applicable provisions of the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (2006) (hereinafter "Sentencing Guidelines") and the factors set forth at 18 U.S.C. § 3553.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

§2B1.1
    (a) Base Offense Level     7
    (b) Specific Offense Characteristics
        (1)(F) Loss more of more than $200,000     12

§3B1.3     Abuse of Position Of Trust     2

TOTAL OFFENSE LEVEL     21

Mr. Mehar agrees not to seek any decreases in your client's base offense level other than the three-level reduction for acceptance of responsibility as stated in paragraph 9. Mr. Mehar further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Restitution:** The government acknowledges that between April 8, 2005 and June 2, 2005, Mr. Mehar paid the victim, W.T. Weaver & Sons, a total of $192,433. To make the victim whole, Mr. Mehar agrees to an order of restitution in the amount of $40,542.21.

5. **Financial Arrangements:** Mr. Mehar agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mr. Mehar also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Mehar's criminal activities. In addition, Mr. Mehar acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8. If in this plea agreement the Government has agreed to recommend or refrain from

recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

9. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Mehar's release pending sentencing, agrees not to oppose a §3E1.1 Adjustment 3-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose a sentence at the bottom of the guideline range, agrees not to oppose Mr. Mehar's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Mehar continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Mehar in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the fraud scheme outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Mehar does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Mehar.

10. **Court is not bound:** Mr. Mehar understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

11. **Breach of Agreement:** Mr. Mehar agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Mehar's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Mehar will not have the right to withdraw the guilty plea; (c) Mr. Mehar shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Mehar, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

12. **USAO's Criminal Division Bound:** Mr. Mehar understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Mehar.

13. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Mehar, Mr. Mehar's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Mehar may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Mehar and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: SUSAN B. MENZER
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorneys, Mitchell Seltzer and Herbert N. Harmon. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 30 March, 2007

Dinesh Mehar
Defendant

12. **USAO's Criminal Division Bound:** Mr. Mehar understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Mehar.

13. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Mehar, Mr. Mehar's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Mehar may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Mehar and his counsel.

Sincerely yours,

_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
SUSAN B. MENZER
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorneys, Mitchell Seltzer and Herbert N. Harmon. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 30 March, 2007          _____
                              Dinesh Mehar
                              Defendant

4

      We have read each of the pages constituting this plea agreement, reviewed them with our client, and discussed the provisions of the agreement with our client fully. These pages accurately and completely sets forth the entire plea agreement.

Date: __5/18/07__              _____
                                                         Mitchell Seltzer, Esquire
                                                         Attorney for the Defendant

Date: __5-18-07__              _____
                                                         Herbert Harmon, Esquire
                                                         Attorney for the Defendant