## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07-090 (RMC) |
| | : | |
| **v.** | : | |
| | : | |
| **DINESH MEHAR,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in aid of sentencing. Consistent with the plea agreement in this case, the Government requests that this Court sentence defendant to a prison term at the bottom end of the recommended Guideline range of 27 to 33 months. For the reasons set forth below, a sentence at the bottom end of this range is clearly reasonable and appropriate and not greater than necessary to comply with factors set forth in 18 U.S.C. Section 3553(a).

I.  **FACTUAL BACKGROUND**

During the plea proceedings, defendant agreed with the Statement of Facts submitted to the Court by the Government, which has been incorporated into the Presentence Investigation Report ("PSI"). See PSI at ¶¶ 6-13. In summary, from January 7, 1999 through February 2, 2005, while employed as the bookkeeper W.T. Weaver & Sons, Inc., defendant embezzled approximately $232,975.21. He employed to two different fraudulent schemes to commit this crime. First, he diverted corporate checks to pay his own personal expenditures. Second, he reduced his personal credit card debt by charging his employer's merchant account with merchandise returns or charge backs that had never occurred.

**II.    SENTENCING RECOMMENDATION**

    A.    Sentencing Guidelines

Section 2B1.1 of the United States Sentencing Guidelines Manual ("Guidelines") controls sentencing for mail fraud and dictates that the base offense level is dependent upon the amount of loss. Defendant and the Government have stipulated that the total loss in this case is more than $200,000, resulting in a base offense level of 19. See U.S.S.G. § 2B1.1(a) & (b) (base offense level of 7 increased by 12 levels). The parties also agreed that defendant abused his position of trust, thereby increasing his base offense lever to 21. See U.S.S.G. § 3B1.3.

Pursuant to the plea agreement, defendant is entitled to a three-level decrease in his offense level based upon his acceptance of responsibility. See U.S.S.G. § 3E1.1. With a total offense level of 18 and a criminal history category of I, defendant's guideline range is 27 to 33 months incarceration. See PSI at ¶ 57.

    B.    Sentencing Factors Under 18 U.S.C. Section 3553

As the Court is well-aware, the recommended sentence set forth in the Sentencing Guidelines is but one factor this Court should consider in determining an appropriate sentence. The Cour should also consider the factors set forth in 18 U.S.C. Section 3553.[1] As set forth below, these additional

---

[1] Section 3553(a) factors include:(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense as set forth in Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

considerations do not provide a basis in this case for a sentence other than that recommended by the Sentencing Commission.

A 27 month period of incarceration is appropriate given the nature and circumstances of the crime defendant committed. His scheme was carefully planned, intentionally deceptive and carried out over a long period of time. Indeed, if he had not been caught, it is more than likely that he would have continued stealing.

In addition to stealing money, defendant stole peoples' trust. For nearly 20 years, defendant worked for Weaver & Sons, a small family owned and operated restoration hardware business, where he was paid well and treated kindly. The Weaver family considered him a trusted member of the team – a family team. Day after day, year after year, defendant came to work and lied to Mr. and Mrs Weaver and their two sons. Since he did not have signature authority over the company's bank account, defendant repeatedly misrepresented why he needed those pre-signed checks he diverted to his personal use. Although it was his job to accurately maintain the company's books and records, defendant falsified the payees' identity and the amounts of these checks. He also hid the payments in the general ledger in an account that he knew would draw little attention. Finally, to prevent the Weaver family from uncovering these thefts, defendant removed, and apparently destroyed, those diverted checks from the monthly bank statements.

Second, defendant's history and characteristics suggests that a sentence at the low end of the Guideline range is appropriate. Although his childhood in India was difficult, defendant has been extremely fortunate. He earned a Bachelor of Arts degree while serving with honor in the Indian Air Force. After 20 years in the military, defendant, his wife and three daughters emigrated to the United States. Not long after he arrived, defendant began working for Weaver. He earned enough to

purchase a home for his family in Montgomery County, Maryland where his three daughters were educated.[2] He was able to bring his elderly mother from India to live with him for 7 years until her death at age 80. He became a U.S. citizen less than 6 years after he emigrated.

At age 59, defendant has no serious physical, mental or emotional conditions. He has a loving family who has continued to support him throughout the criminal proceedings. Although they will experience loss, financially and emotionally, if defendant is incarcerated, they will continue to thrive. For 15 years, his wife has earned a good living operating a daycare center in their home. See PSR at ¶ 47. Morever, even after making restitution, defendant's and his wife's assets are significant and should provide the resources to meet the family's monthly expenses. All three of his daughters are adults. The eldest is married and no longer lives with defendant. Although his 28 year old daughter is suffering from a serious medical condition, her mother and sisters are more than capable to provide her with any assistance she requires.

A sentence of imprisonment is also required to reflect the seriousness of the offense defendant committed, promote respect for the law and provide just punishment, and at the same time, "afford adequate deterrence to [future] criminal conduct." See § 3553(a)(2)(A) & (B). Deterrence and respect for the law are both lacking where the sole punishment for stealing - only if and when it is detected - is disgorgement of the money. A message needs to be sent to defendant and others that such conduct will not be tolerated and those who whose to commit like crimes would be sentenced harshly.

---

[2]   Defendant has owned other properties in Montgomery County. His current residence was purchased in 1997. Defendant had previously purchased two townhouses in Gaithersburg. He has sold both properties - each of which he made a profit, totaling $140,000.

While it is true that defendant admitted stealing when he was confronted by his employer, defendant was not completely forthright. He only admitted those thefts which Weaver had identified. Additional diverted checks and another scheme, using the Weaver's merchant credit card account, were subsequently uncovered. Moreover, losing his job and paying back the money to Weaver was not enough to deter defendant from committing more crimes. Disturbingly, defendant used the same charge back scheme to steal from his new employer, Business Publishers in Silver Spring, Maryland. In February 2006, defendant created an unauthorized $1,494 charge back to reduce the balance on his Citibank account.

Finally, a sentence within the applicable Guideline range will promote uniformity in sentencing. It is clear from the explicit language of Section 3553 that the framers both endorse and respect the ranges set by and the policy statements made by the Sentencing Commission, which in these circumstances recommends imprisonment. The converse is also true: the Guidelines explicitly recognizes Section 3553 as its linchpin, setting forth in its preamble its reliable on the statute and calling out each and every factor ser forth therein. As the Court is aware, the offense level for cases involving similar embezzlement conduct is driven by the amount of loss caused by a defendant's criminal activity. A 27 month period of incarceration is consistent with sentences other defendants with similar criminal records who have been convicted of similar conduct. Defendant can articulate no compelling fact or circumstance that justifies a sentence lower than similarly situated offenders.

**III.    CONCLUSION**

For the reasons set forth herein, the Government believes a sentence at the bottom end of the applicable guideline range of 27 to 33 months is necessary, reasonable and appropriate in this case.

                            Respectfully submitted,

                            JEFFREY A. TAYLOR
                            United States Attorney
                            for the District of Columbia
                            D.C. Bar Number 498610

By:   _____
          SUSAN B. MENZER
          Assistant United States Attorney
          D.C. Bar # 421007
          United States Attorneys Office
          Fraud and Public Corruption Section
          555 4th Street, N.W.
          Washington, D.C.  20530
          (202) 514-6968