UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) | |
| v. | ) ) | Criminal Action No. 07-90 (RMC) |
| DINESH MEHAR, | ) ) | |
| Defendant. | ) ) ) | |

**SENTENCING MEMORANDUM**

Dinesh Mehar was sentenced by this Court on September 21, 2007, pursuant to his plea of guilty to a one-count Information that charged him with Mail Fraud in violation of 18 U.S.C. § 1341. Because the sentence imposed varied from the United States Sentencing Guidelines, this Sentencing Memorandum explains the Court's rationale.

The criminal conduct charged in the Information occurred between January 7, 1999 and February 2, 2005. The Defendant was employed by W.T. Weaver & Sons, Inc., a family-owned hardware business in Washington, D.C., for 19 years. His job responsibilities included maintaining the company's ledger and reconciling its bank accounts. During the relevant period, he requested and obtained 87 checks, pre-signed by a legitimate signatory, for the purpose of paying for merchandise. In fact, the Defendant used these checks for personal expenses and made false entries in the ledger to conceal his theft. The total amount of money fraudulently obtained by the Defendant from the company was $232,925.21.

Under the Sentencing Guidelines, the base offense level was 7. USSG § 2B1.1(a)(1).

It was increased by 12 because the loss was at least $200,000. USSG § 2B1.1(b)(1)(G). It was increased by 2 levels because of abuse of a position of trust. USSG § 3B1.3. It was reduced by 3 levels on the Government's motion for early acceptance of responsibility. USSG §3E1.1(a) & (b). After these adjustments, the Total Offense Level was 18. The Defendant had a Criminal History Category of I. USSG Ch. 5, Pt. A. Pursuant to the Guidelines, his sentencing range was therefore 27 to 33 months. *Id*.

At the sentencing hearing, defense counsel urged the Court to impose a sentence of probation with a period of home confinement and community service. He based this recommendation on the Defendant's otherwise exemplary life and his critical role in caring for one of his adult daughters who suffers from advanced multiple sclerosis. The Defendant has taken this daughter to his native country, India, for treatment and she needs to return there at six-month intervals for continuing treatments. The Defendant also administers shots and daily physical therapy to his daughter. Other members of the family do not have the skills or strength to perform these tasks. The Defendant's wife operates a home-based childcare center and cannot take her daughter to India or assist her as her father can. It was also noted that the Defendant had completed all restitution payments before sentencing.

The Court sentenced the Defendant to a term of incarceration of 12 months and one day, with a 24-month period of supervised release. It determined that this sentence was just and sufficient but not greater than necessary for the crime of offense. *See* 18 U.S.C. § 3553(a). The nature and circumstances of the offense are serious and show a relatively long-standing scheme of embezzlement; under this factor, a sentence within the Guidelines range would be appropriate. The history and characteristics of the Defendant, however, suggest a sentence in a lower range: he

honorably completed 20 years of service in the Indian armed forces before immigrating to this country; he came to the United States from India in 1987 and secured employment for W.T. Weaver & Sons for 19 years; his former employer filed no victim impact statement and clearly did not seek a high sentence for the offense; and the Defendant had already repaid the entire amount in restitution. Given his background, the Court concludes that the factors of protection to the community and respect for law do not support a sentence in the Guidelines range.

The Court could not accept defense counsel's request for a period of home detention and community service. The offense lasted a little over six years and involved embezzling over $200,000. This was not a one-time crime. However, the Court also noted that the real impact of the Defendant's incarceration will be felt most particularly by his daughter who suffers from multiple sclerosis. For all of these reasons and those stated at the sentencing hearing, a prison term of 12 months and 1 day, two years supervised release, 100 hours of community service during the first 12 months of supervised release, restitution (already paid), and a $100 special assessment were found to be reasonable.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: October 10, 2007